UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYLVESTER SANDERS,

        Petitioner,

v.

CASE NO. 2:10-CV-10107
HONORABLE AVERN COHN

SHIRLEE HARRY,

        Respondent.
                                      /

**MEMORANDUM AND ORDER
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND
DISMISSING THE PETITION
AND
DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL
AND
DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO
PROCEED IN FORMA PAUPERIS ON APPEAL**

I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Michigan prisoner Sylvester Sanders ("Petitioner") was convicted of second-degree murder and felony firearm following a jury trial in the Recorder's Court for the City of Detroit and was sentenced to consecutive terms of life imprisonment and two years imprisonment in 1992. In his petition, he raises claims concerning the sufficiency of the evidence, the exclusion of certain evidence, newly-discovered evidence, the validity of his sentence and changes in parole laws, and the effectiveness of trial and appellate counsel.

This matter is before the Court on Respondent's motion for summary judgment on the grounds the petition is untimely. For the reasons that follow, the motion will be granted. Petitioner's motion for appointment of counsel will also be denied. Finally, the

Court will deny a certificate of appealability and leave to proceed *in forma pauperis* on appeal.

## II. Facts and Procedural History

Petitioner's convictions arise from the shooting death of his brother Herbert Sanders during an altercation at their home in Detroit, Michigan on September 19, 1991. Witnesses to the shooting testified that Petitioner shot his brother in the head during an argument over loud music. Petitioner claimed that he shot his brother accidentally during their dispute and that he acted in self-defense because his brother was armed with a pocket knife and had a propensity for violence. No other witnesses reported seeing the victim with a knife that night.

Following his convictions and sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals, which affirmed his convictions. *See People v. Sanders*, No. 152527 (Mich. Ct. App. Oct. 5, 1994) (unpublished). He also filed a delayed application for leave to appeal with the Michigan Supreme Court, which was denied. *See People v. Sanders*, 450 Mich. 857, 538 N.W.2d 684 (1995).

On March 22, 2007, Petitioner filed a motion for relief from judgment with the state trial court, which was denied on July 24, 2007. Petitioner then filed delayed application for leave to appeal with the Michigan Court of Appeals, which was denied. *See People v. Sanders*, No. 286712 (Mich. Ct. App. Nov. 21, 2008). He also filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *See People v. Sanders*, 485 Mich. 933, 773 N.W.2d 728 (2009).

Petitioner filed his federal habeas petition on January 12, 2010.

III. Discussion

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996. The AEDPA governs the filing date for this action because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the time period prescribed by this section must be dismissed. *See Isham v. Randle,* 226 F.3d 691, 694-95 (6th Cir. 2000)

3

(dismissing case filed 13 days after the limitations period expired); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

B.

Prisoners, like Petitioner, whose convictions became final before the AEDPA's effective date are given a one-year grace period in which to file their federal habeas petitions. *See Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003); *Hyatt v. United States*, 207 F.3d 831, 832 (6th Cir. 2000). Accordingly, Petitioner was required to file his federal habeas petition on or before April 24, 1997, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner did not file his state court motion for relief from judgment until March 22, 2007. Thus, the one-year limitations period had expired well before Petitioner sought state post-conviction review. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado*, 337 F.3d at 641. Petitioner's state post-conviction proceedings did not toll the running of the statute of limitations. Furthermore, the AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

C.

Petitioner does not allege that the State created an impediment to the filing of his habeas petition or that his claims are based upon newly-enacted law. Rather, he

4

asserts that he should be allowed to proceed on his claims because he has newly-discovered evidence – affidavits from Kevin Sanders and Tyree Morgan in which they recount unrelated incidents when the victim displayed and/or threatened someone with a pocket knife.

As the language of the statute indicates, there are four possible dates on which the limitations period may begin to run. As relevant here, the limitations period may begin on the date that a petitioner first discovers the factual basis for his claim. *See* 28 U.S.C. § 2244(d)(1)(D). Kevin Sanders signed his affidavit on December 6, 2005 and Tyree Morgan signed his affidavit on December 11, 2006. If the Court relies on the earlier of those two dates, Petitioner's application is still untimely as he did not file his state court motion for relief from judgment until March 22, 2007. If the Court relies on the latter date, any of Petitioner's claims based upon the affidavits would be timely.

Respondent, however, contends that the petition is still time-barred because Petitioner has not shown that the witnesses are newly-discovered and/or that he exercised due diligence in obtaining the affidavits and pursuing his legal remedies. Under § 2244(d)(1)(D), the limitations period begins when the factual predicate for the claim could have been discovered through the exercise of due diligence, not when it was actually discovered by the petitioner. *See Brooks v. McKee*, 307 F. Supp. 2d 902, 905-06 (E.D. Mich. 2004) (citing cases). The time commences when the petitioner knows or could have discovered the important facts for the claim, not when the petitioner recognizes the legal significance of those facts. *Id.* The start of the limitations period does not await the collection of evidence to support the facts. *Id.* A habeas petitioner has the burden of showing that he exercised due diligence in discovering the factual predicate for his claims. *See Stokes v. Leonard*, 26 F. App'x 891, 804 (6th Cir.

5

2002).

Here, Petitioner has not shown that his habeas claims are based upon newly-discovered witnesses or that he exercised due diligence in obtaining their affidavits. The record reveals that Petitioner knew both Kevin Sanders and Tyree Morgan at the time of the shooting. He could have obtained information regarding the victim's use of a pocket knife from them at the time of trial or appeal or during the intervening years that transpired before the expiration of the one-year limitations period. Petitioner offers no explanation as to why he waited until 2005 and 2006 to obtain the two affidavits discussing the victim's use of a pocket knife or propensity for violence. To be sure, the issue was addressed at trial and Petitioner testified about the victim's violent tendencies in support of his own defense. Petitioner has not shown that the evidence is newly-discovered or that he exercised due diligence in obtaining the affidavits. His habeas petition is therefore untimely under 28 U.S.C. § 2244(d).

D.

The Supreme Court has recently confirmed that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *See Holland v. Florida*, _ U.S. _, 130 S. Ct. 2549, 2560 (2010). The Supreme Court further verified that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the United States Court of Appeals for the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set

forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008; *see also Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). "These factors are not necessarily comprehensive and they are not all relevant in all cases. Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002) (internal citation omitted). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner has neither alleged nor established that he is entitled to equitable tolling under *Dunlap*. The fact that he is untrained in the law, is proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases stating that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling). Petitioner has not shown that he is entitled to equitable tolling under *Dunlap.*

7

E.

Finally, the Sixth Circuit has also held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005); *see also Holloway,* 166 F. Supp. 2d at 1190. As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.

Petitioner has made no such showing. The affidavits submitted with his petition discuss incidents in which the victim brandished a pocket knife, but do not concern the shooting at issue in this case. The affidavits, even if believed, simply do not establish Petitioner's actual innocence. Petitioner has thus failed to demonstrate that he is entitled to equitable tolling of the one-year period. His petition is untimely.

IV. Conclusion

For the reasons stated above, Petitioner has failed to file his federal habeas action within the one-year limitations period established by 28 U.S.C. § 2244(d) and has not demonstrated entitlement to statutory or equitable tolling.

Accordingly, Respondent's motion for summary judgment is GRANTED. The

petition is DISMISSED WITH PREJUDICE. Given this determination, Petitioner's motion for appointment of counsel is DENIED.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Having considered the matter, jurists of reason would not find the procedural ruling that the petition is untimely and cannot be saved by statutory or equitable tolling debatable. Accordingly, a certificate of appealability is DENIED. The Court also DENIES Petitioner leave to proceed *in forma pauperis* on appeal because such an appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

SO ORDERED.

Dated: August 27, 2010        S/Avern Cohn
                              AVERN COHN
                              UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to Sylvester Sanders, 222096, Muskegon Correctional Facility, 2400 S. Sheridan, Muskegon, MI 49442 and the attorneys of record on this date, August 27, 2010, by electronic and/or ordinary mail.

           S/Julie Owens
           Case Manager, (313) 234-5160